# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CARLOUS HORTON**                                                               **PETITIONER**
Reg. #22997-045

**V.**                                       **No. 2:25-cv-00176-JM-ERE**

**WARDEN, FCI-FORREST CITY**                                     **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Moody can adopt this RD without independently reviewing the record.

## I.   Background

On September 5, 2025, Carlous Horton, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] *Doc. 1*. He also filed numerous supplements. *Docs.*

---

[1] In 2012, a jury in the United States District Court for the Western District of Missouri convicted Mr. Horton on numerous charges related to drugs, firearms, money laundering, and fraud. The trial court sentenced him to life in the BOP. A January 17, 2025 executive clemency reduced his sentence to 280 months. *Doc. 29-1*.

*5, 6, 11, 20, 27*. Mr. Horton alleges that the BOP has miscalculated and misapplied his time credits under the First Step Act ("FSA"). *Doc. 1*.

The FSA includes an incentive-based program that gives prisoners the opportunity to earn time credits. 18 U.S.C. § 3632(d)(4)(A). For eligible inmates, earned time credits apply toward earlier placement in pre-release custody or earlier transfer to supervised release. 18 U.S.C. § 3632(d)(4)(C). Mr. Horton asserts that, correctly calculated and applied, his prerelease placement date was January 2025. *Doc 1 at 6-7*. For relief, he asks the Court to order the BOP to properly calculate and apply his time credits toward prerelease placement. *Id. at 8*.

On November 21, 2025, Respondent filed a motion to dismiss the petition for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2] *Doc. 29*. Mr. Horton has filed several replies. *Docs. 31-35*.

For the below reasons, I recommend dismissing the petition without prejudice for lack of federal habeas jurisdiction.

**II.   Discussion**

    **A.   Federal Habeas Jurisdiction is Lacking**

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "If the prisoner is not

---

[2] In the alternative, Respondent contends that the petition is meritless.

challenging the validity of his conviction or the length of his detention . . . , then a writ of habeas corpus is not the proper remedy." *Id.*; see also *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (reaffirming that a writ of habeas corpus is not available where petitioner does not challenge his conviction or length of sentence).

In determining whether a prisoner is attacking the legality or duration of his custody, "[i]t is the substance of the relief sought which counts." *Kruger*, 77 F.3d at 1073. Here, Mr. Horton seeks a recalculation of FSA time credits that would result in his earlier placement in prerelease custody, which includes placement in home confinement or a residential reentry center, also known as a halfway house, or a community correctional facility. 18 U.S.C. § 3624(g)(2)(A)-(B). Placement in pre-release custody changes only the *place* where a sentence is served; it does not alter the fact or duration of imprisonment—an essential component of federal habeas jurisdiction. See *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (treating placement in home confinement as changing an inmate's "place of imprisonment"); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (noting the BOP's agreement that community correctional facilities are places of imprisonment); 18 U.S.C. § 3624(c) (stating that the Director of the BOP shall, to the extent practicable, ensure that a prisoner serve a portion of the final months of his term of imprisonment in prerelease custody under conditions that afford reasonable opportunity to adjust and prepare for reentry into the community).

In contrast to early placement in prerelease custody, early transfer to supervised release, a form of post-prison supervision, effectively shortens time in prison. If a prisoner's sentence includes a term of supervised release, the BOP may "transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of [earned] time credits . . . ." 18 U.S.C. § 3624(g)(3).

It is undisputed that Mr. Horton has earned 365 days of FSA time credits, which the BOP applied toward an earlier transfer to supervised release. *Doc. 29 at 2-3*. Because Mr. Horton has already received the maximum one-year sentencing adjustment in the form of earlier transfer to supervised release, any additional time credits can apply only toward earlier placement in pre-release custody.

In sum, if Mr. Horton received the relief he seeks, it would not change the fact or duration of his detention. Accordingly, federal habeas jurisdiction is lacking.[3] *Powell v. Humphrey*, No. 2:25-CV-00082-JM-JJV, 2025 WL 2233978, at *3 (E.D. Ark. July 15, 2025)[4] (recommending dismissal for lack of subject matter jurisdiction

---

[3] In earlier cases, the Eighth Circuit entertained § 2241 petitions where the petitioner sought placement in prerelease custody. See *Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004); *Fults v. Sanders,* 442 F.3d 1088, 1090–91 (8th Cir. 2006). However, habeas jurisdiction was not addressed in those cases, and the Eighth Circuit has since made clear that federal habeas jurisdiction is lacking where the petitioner challenges the conditions of confinement, not the validity of his conviction or length of his sentence. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).

[4] Recommendation adopted, 2025 WL 2231039 (E.D. Ark. Aug. 5, 2025).

where petitioner sought placement in prerelease custody); *Fongers v. Garrett*, No. 2:24-cv-00046-LPR-PSH, 2024 WL 3625237 (E.D. Ark. Aug. 1, 2024)[5] (same).

### B. No Potentially Viable Conditions-of-Confinement Claim

The Eighth Circuit has held that a *pro se* habeas petitioner raising a "potentially viable" conditions-of-confinement claim should receive an opportunity to pursue that claim if he so chooses. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014). To the extent that Mr. Horton challenges the conditions of his confinement by attacking the place of his confinement, he fails to raise a potentially viable claim.

It is well established that prisoners have no protected liberty interest in assignment to a particular place of confinement. See *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)); see also *Staszak v. Romine,* 221 F.3d 1344 (8th Cir. 2000) (holding halfway house placement and participation in a work release program did not provide "the sort of substantial freedom that gives rise to a liberty interest inherent in the Due Process Clause"). "[C]onstitutionally speaking, such assignments are discretionary, so long as they are not done for prohibited or invidious reasons and do not rise to independent constitutional violations of their own weight." *Moorman*, 83 F.3d at 973 (citing *Vitek v. Jones,* 445 U.S. 480, 493 (1980)). Mr. Horton alleges no facts

---

[5] Recommendation adopted, 2024 WL 4652193 (E.D. Ark. Nov. 1, 2024).

indicating that the BOP's placement decisions in his case were made for invidious or retaliatory reasons or otherwise gives rise to a constitutional claim.

Mr. Horton fails to raise a potentially viable claim challenging his conditions of his confinement. Accordingly, if this action were converted to one seeking relief for unlawful conditions of confinement, his complaint would be subject to dismissal upon screening. *See* 28 U.S.C. § 1915A (requiring (1) screening of a civil complaint where "a prisoner seeks redress from a governmental entity or officer" and (2) dismissal of any portion of a complaint that is frivolous, malicious, or fails to state a claim on which relief can be granted).

### III. Conclusion

IT IS THEREFORE RECOMMENDED that:

1. Carlous Horton's petition for writ of habeas corpus (*Doc. 1*) be DISMISSED, WITHOUT PREJDUICE, for lack of subject matter jurisdiction.

2. The motion for judicial notice (*Doc. 32*) be DENIED.

3. The Court dismiss this action without providing Mr. Horton the option of converting his habeas petition to a complaint challenging his conditions of confinement.

Dated 18 December 2025.

_____
UNITED STATES MAGISTRATE JUDGE